IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS E. HUMPHREY,                :
                                    :
        Plaintiff                   :
                                    :
    v.                              :    CIVIL NO. 3:CV-11-2328
                                    :
PENNSYLVANIA DEPARTMENT OF STATE,   :    (Judge Conaboy)
                                    :
        Defendant                   :

FILED
SCRANTON

DEC 21 2011

PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

Douglas E. Humphrey, an inmate presently confined at the Fayette State Correctional Institution, LaBelle, Pennsylvania (SCI-Fayette), initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Along with his Complaint, Plaintiff has submitted a request for leave to proceed in forma pauperis. For the reasons set forth below, Humphrey's action will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915.

Named as sole Defendant is the Pennsylvania Department of State. Plaintiff states that on September 30, 2010 he filed a 134 page "inter parties agreements" in association with "previously filed nonjudicial records ... and as part of original security agreement with the New York State Dept. of State." Doc. 1, ¶ 7. The Complaint indicates that Plaintiff subsequently attempted to file a copy of that submission with the Defendant on November 3, 2010. However, the Defendant rejected Humphrey's filing one day

1

later. Plaintiff is presumably asserting that the Defendant violated his constitutional rights by rejecting that filing.[1] His Complaint seeks declaratory relief, as well as compensatory and punitive damages.

## Discussion

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit) § ; 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d

---

1. The Complaint asserts that Plaintiff's submission was rejected on the basis that Defendant was unable to read or decipher the information contained therein. See Doc. 1, ¶ 8.

192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). It has been similarly concluded by the Court of Appeals for the Third Circuit that Pennsylvania's Board of Probation and Parole could not be sued because "it is not a 'person' within the meaning of Section 1983." Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court reiterated its position that state agencies such as the state police are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." Id. at 71. "Will

3

establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

After Will, the Third Circuit Court of Appeals directed that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should consider: whether the state would be responsible for the payment of any judgment rendered against the agency; the source of the agency's funding; and the degree of autonomy enjoyed by the agency, as well as other similar factors. Bolden v. Southeastern Pennsylvania Transp. Auth., 953 F.2d 807, 818 (3d Cir. 1991).

In the instant case, payment of any judgment rendered against the sole Defendant, a Pennsylvania state agency, would have to be paid out of the Pennsylvania state treasury. Furthermore, that Defendant receives all of its funding from the state and does not enjoy any measure of autonomy. Therefore, it is clear under Pugh, Will, and Bolden that the Pennsylvania Department of State is not a "person" for the purpose of § 1983 and, therefore, not a properly named defendant.[2]

**Conclusion**

In conclusion, the Pennsylvania Department of State, as an agency of the Commonwealth of Pennsylvania, is not a properly named defendant. Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without

---

2. Plaintiff, if he so elects, may file a new civil rights action against any state official whom he feels acted in an unconstitutional manner by rejecting his submission.

prejudice, as legally frivolous. Wilson, 878 F.2d at 774. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: DECEMBER 21, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS E. HUMPHREY, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-11-2328
:
: (Judge Conaboy)
:
PENNSYLVANIA DEPARTMENT OF STATE, :
:
    Defendant :

## ORDER

AND NOW, THEREFORE, THIS 21st DAY OF DECEMBER, 2011, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's <u>in forma pauperis</u> motion is construed as a motion to proceed without full prepayment of fees and costs and the motion is GRANTED.
2. Plaintiff's action is DISMISSED WITHOUT PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).
3. The Clerk of Court is directed to CLOSE the case.
4. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

6