IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DOUGLAS E. HUMPHREY, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-11-2328
:
PENNSYLVANIA DEPARTMENT OF STATE, : (Judge Conaboy)
:
    Defendant :

FILED
SCRANTON
JUL 10 2012
PER_____
DEPUTY CLERK

## ORDER
### Background

    Douglas E. Humphrey, an inmate presently confined at the Fayette State Correctional Institution, LaBelle, Pennsylvania (SCI-Fayette), initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Along with his Complaint, Plaintiff submitted a request for leave to proceed in forma pauperis.

    Named as sole Defendant in the Complaint is the Pennsylvania Department of State. Plaintiff sought declaratory relief, as well as compensatory and punitive damages on the basis that the Defendant violated his constitutional rights by rejecting his 134 page filing because the information contained therein could not be read or deciphered.

    By Memorandum and Order dated December 21, 2011, Humphrey's action was dismissed without prejudice as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915. Specifically it was concluded that under the standards announced in Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989),

1

Howlett v. Rose, 496 U.S. 356, 365 (1990), Bolden v. Southeastern Pennsylvania Transp. Auth., 953 F.2d 807, 818 (3d Cir. 1991) and other similar decisions, the Pennsylvania Department of State was not a person for the purpose of § 1983 and entitled to immunity under the Eleventh Amendment.

Following the dismissal of his action, Plaintiff filed a one page letter vaguely indicating that the Defendant was not entitled to immunity under the Eleventh Amendment because he doesn't think that said provision was intended to protect states "who blatantly violate the mandates of the U.S. Constitution." Doc. 8, p. 1. Given the liberal treatment afforded pro se litigants, Plaintiff's letter will be construed as seeking reconsideration of the dismissal of his action

### Discussion

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp.

2

712 (M.D. Pa. 1996) (quoting <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." <u>Continental Casualty Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Based upon the above stated factors and this Court's review of the Plaintiff's reconsideration motion, it does not present any facts or arguments which would undermine this Court's prior determination that Pennsylvania Department of State was not a properly named Defendant. Plaintiff simply provides no basis to depart from the determination that the sole Defendant was entitled to Eleventh Amendment immunity. Since he reconsideration motion fails to establish the presence of any errors of law or fact and does not set forth any newly discovered evidence or precedent, it will be denied. An appropriate Order will enter.

AND NOW, THEREFORE, THIS 10th DAY OF JULY, 2012, IT IS HEREBY ORDERED THAT:

    Plaintiff's motion for reconsideration (Doc. 8) is **DENIED**.

        /s/ Richard P. Conaboy
        RICHARD P. CONABOY
        United States District Judge